BOGERT v. BOGERT et al.

*(Supreme Court, General Term, First Department. May 24, 1889.)*

PARTITION—PARTIES.

The surviving husband of a deceased co-tenant in an estate in fee is a necessary party to an action for partition thereof, between the children of himself and his deceased wife, and the other co-tenants.

Appeal from special term, New York county.

Action by Polly Bogert against David J. Bogert, executor, etc., of John C. Ackerson, deceased, and others, to partition real estate. A sale was made, at which Delaplaine Browne became the purchaser. Margaretta Haring became the assignee of the contract, and refused to comply with the terms of sale, alleging that the title was defective. Judgment against her, and she appeals.

Argued before VAN BRUNT, P. J., and CULLEN, J.

*P. Q. Eckerson,* for appellant. *G. W. Pleasants,* for respondents.

VAN BRUNT, P. J. This was a motion to compel the purchaser at a partition sale to take title. Various objections were raised upon the hearing of the motion in the court below, but whether the objection now raised, namely, that Charles Moyer, who was the husband of Mary E. Brinkerhoff, who died intestate, has a life-interest in the portion of the premises belonging to his wife, and should have been made made a party to this action, was taken or not it is impossible to determine. Various other objections were taken which seem to have been properly overruled, but which it is not necessary to discuss because of the conclusion at which we have arrived in regard to the objection which has been above stated. It appears that Mary E. Brinkerhoff in her life-time was seised of an undivided share of the premises in question; that she married Charles Moyer, and died intestate prior to the commencement of this action, leaving her surviving her husband and three children; and by the decree in this action it is found that sa'd three children were each entitled as the heirs of their mother to one-252d part thereof. It seems to be clear that the husband of Mary E. Brinkerhoff at her death, as tenant by the curtesy, was entitled to a life-estate in this undivided share, and in order that a complete and perfect title might be made he should have been made a party to the action. Why he was omitted we do not know, but it is clear that he was entitled to such life-estate, and that his interest is not cut off by this decree. We think, therefore, for this reason, that the order should be reversed, but, under the circumstances, without costs. The case upon this appeal has been made up without an index, contrary to the rules, and as a result the labor of the court in examining the facts has been very materially increased. The order must be reversed, without costs.

CULLEN, J., concurs.